**\*NOT FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

————————————————————— :
                                          :
LEONARD NORMAN FEDEE,         :
                                          :
              Plaintiff,            :          Civil No. 11-3547 (RBK)
                                          :
       v.                               :
                                          :
BONNIE GELLAR GORMAN, et al.,:          **OPINION**
                                          :
              Defendants.        :
————————————————————— :

        Plaintiff Leonard Norman Fedee ("Plaintiff") seeks to bring
this action <u>in forma pauperis</u>.  Based on his affidavit of
indigence, the Court will grant Plaintiff's application to proceed
<u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the
Clerk of the Court to file the complaint.

        At this time, the Court must review the complaint, pursuant to
28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should
be dismissed as frivolous or malicious, for failure to state a
claim upon which relief may be granted, or because it seeks
monetary relief from a defendant who is immune from such relief.
For the reasons set forth below, the Court concludes that the
complaint should be dismissed at this time.[1]

———————————————

        [1] The Court received Plaintiff's Complaint on June 21, 2011.  Because
Plaintiff's application to proceed <u>in forma pauperis</u> was deficient, this Court
denied the application and administratively terminated the case on June 23,
2011. Plaintiff thereafter submitted his complete application to proceed <u>in
forma pauperis</u> with his prison account statement. This Court will reopen the
file to consider the renewed application to proceed <u>in forma pauperis</u> and to
screen the Complaint.

1

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants Kevin Walker, Bonnie Gellar Gorman and Michael V. Luciano.  The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

On or about February 15, 2010, Plaintiff was arrested for two counts of theft by deception.  On or about May 12, 2010, Plaintiff was arraigned and Ms. Gorman was appointed as his public defender.  Plaintiff met with Ms. Gorman for the second time in July 2010.  Plaintiff's trial was set down for February 2, 2011.  Plaintiff did not see or speak to Defendant Gorman until November 15, 2010, when he received a letter from her informing him that he was being charged with two new counts of theft by deception and one count of unregistered solicitor.

On December 20, 2010, Ms. Gorman sent Plaintiff a letter informing him that there was a plea offer of four years from the prosecutor.  Plaintiff turned down the offer.  Plaintiff alleges that in the time leading up to his February trial, Defendant Gorman did not discuss the plan for defending him or "listen to [his] side of the story."  Plaintiff alleges that he asked Defendant Gorman to

2

enter a piece of evidence that would prove his innocence but she refused.

The trial began on February 2, 2011.  On February 10, 2011, Defendant Gorman went to Plaintiff and informed him that she changed her mind and would be seeking to enter the piece of evidence Plaintiff provided.  She conferred with the prosecutor, Defendant Luciano, and he said he would oppose the introduction of the evidence.  Defendant Gorman went into the courtroom, then returned ten minutes later and told Plaintiff that Defendant Luciano wanted to speak with him while she was present.  Defendant Luciano requested that Plaintiff take the plea deal being offered because he would not consent to the evidence being entered.  Plaintiff refused.  The judge denied Ms. Gorman's request to enter the evidence.  As a result, Plaintiff alleges that he had no other option but to accept the plea deal.

Plaintiff returned to court for sentencing on March 26, 2011.  On May 5, 2011, Plaintiff was going through documents of discovery and he came across a warrant issued on February 20, 2009 for failure to appear for arraignment conference for two counts of theft by illegal retention with the same indictment number and case number as the charges for which Plaintiff was tried.  Plaintiff was led to believe that he was on trial for theft by deception.

Plaintiff alleges that Defendants Walker, deputy in charge of the Public Defender's Office, Gorman and Luciano all conspired to

guarantee that he did not have effective assistance of counsel. Plaintiff seeks a declaration that the acts and omissions described in the complaint violated Plaintiff's rights; compensatory damages in the amount of $1,875,000.00; punitive damages in the amount of $1,000,000.00; a jury trial on all issues triable by jury and Plaintiff's costs incurred in this suit.

## II.  DISCUSSION

### A. Standards for a Sua Sponte Dismissal

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v.

4

Kerner, 404 U.S. 519, 520-21 (1972)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

**B.  Analysis**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**1. Public Defenders**

Plaintiff asserts that the public defender defendants, Walker and Gorman, rendered ineffective assistance of counsel in violation of his Sixth Amendment rights.  This claim is not actionable at this time in a § 1983 action.  First, these defendants are not subject to liability under § 1983 because they are not state actors.  A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a

6

defendant in a criminal proceeding." <u>Polk Co. v. Dodson</u>, 454 U .S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); <u>Thomas v. Howard</u>, 455 F.2d 228 (3d Cir.1972) (court-appointed pool attorney does not act under color of state law).

To the extent that Plaintiff is alleging state action by virtue of a conspiracy between these public defender defendants and the state prosecutor, such claim must be dismissed at this time for failure to state a claim. Plaintiff fails to satisfy the pleading standard under <u>Iqbal</u>. Indeed, Plaintiff merely recites a "threadbare" conspiracy cause of action, supported only by bald conclusory statements, with no factual corroboration that would suffice to state a claim under even the Rule 8 pleading standard. <u>See</u> <u>Iqbal</u>, 129 S.Ct. at 1949-50.

Moreover, even if Plaintiff had pled facts establishing that his attorney is acting under color of state law, any claim concerning a violation of Plaintiff's right to effective assistance of counsel must first be raised in plaintiff's ongoing state criminal proceedings. A federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

To the extent that Plaintiff's criminal trial or sentencing is no longer pending, and he has been sentenced on any state charges, any claim of ineffective assistance of counsel in this regard must first be exhausted via state court remedies, i.e., by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application, under 28 U.S.C. § 2254, to assert any violations of federal constitutional or statutory law, namely, his claim of ineffective assistance of counsel. Preiser v. Rodriguez, 411 U.S. 475 (1973).

Therefore, Plaintiff's complaint asserting any liability of the public defender defendants under § 1983, as to an ineffective assistance of counsel claim, must be dismissed for failure to state a claim at this time, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915A(b)(1).

**2. Prosecutorial Immunity**

Next, Plaintiff appears to assert a claim of prosecutorial misconduct against Defendant Luciano for allegedly conspiring with the public defenders to deprive Plaintiff of his right to counsel. "[A] state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 410 (1976). Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute

8

immunity.  <u>Burns v. Reed</u>, 500 U.S. 478, 492 (1991).  Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993).

A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function.  <u>See</u> <u>Kalina v. Fletcher</u>, 522 U.S. 118 (1997) (prosecutor is protected only by qualified immunity for attesting to the truth of facts contained in certification in support of arrest warrant, as in her provision of such testimony she functioned as a complaining witness rather than a prosecutorial advocate for the state); <u>Burns</u>, 500 U.S. at 492-96 (the provision of legal advice to police during pretrial investigation is protected only by qualified immunity); <u>Buckley</u>, 409 U.S. at 276-78 (prosecutor is not acting as an advocate, and is not entitled to absolute immunity, when holding a press conference or fabricating evidence).  <u>See</u> <u>also</u> <u>Yarris v. County of Delaware</u>, 465 F.3d 129 (3d Cir. 2006) (where the Court of Appeals for the Third Circuit presents a detailed and nuanced analysis of when a prosecuting attorney is, and is not, entitled to absolute immunity for allegedly wrongful acts in connection with a prosecution, holding, for example, that a prosecutor is not entitled to absolute immunity for deliberately destroying highly exculpatory evidence,

but is entitled to immunity for making the decision to deliberately withhold exculpatory evidence before and during trial, but not after the conclusion of adversarial proceedings).

Here, it appears that Plaintiff attacks only actions taken by the prosecutor in his official capacity as an advocate for the state in connection with plea negotiations and decisions regarding the nature of charges to pursue. Moreover, as discussed above, Plaintiff's allegations of a conspiracy between the prosecutor and the public defender defendants are nothing more than threadbare, conclusory statements that fail to satisfy the pleading requirements under Rule 8. See Iqbal, 129 S.Ct. at 1949-50. Accordingly, he is entitled to absolute immunity and all claims against Defendant Luciano will be dismissed with prejudice. Cf. Rose v. Bartle, 871 F.3d 331, 347 (3d Cir. 1989) (allegation that prosecutor engaged in conspiracy to maliciously prosecute does not affect the prosecutor's absolute immunity from damages resulting from the allegedly malicious prosecution).

## IV. CONCLUSION

For the reasons set forth above, all claims will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A (b)(1), for failure to state a claim. However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim for violation of his constitutional rights by his public defender, the Court will grant Plaintiff leave

10

to move to re-open and to file an amended complaint.[2]   An appropriate order follows.


Dated: December 6, 2011


                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge

---

[2]Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.